**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

CHUK ON CHAN, individually and on behalf of
all other employees similarly situated,

                                  **Plaintiff,**

                **-against-**

GOOD CHOWS INC., et al.,

                                **Defendants.**

-----------------------------------------------------------------X
**SARAH NETBURN, United States Magistrate Judge.**

**16-CV-02794 (RJS)(SN)**

**<u>REPORT AND</u>**
**<u>RECOMMENDATION</u>**

**TO THE HONORABLE RICHARD J. SULLIVAN:**

On October 5, 2016, the Honorable Richard J. Sullivan entered a default for the plaintiff

Chuk On Chan against defendants Michael Ngai, Xiao Feng Liao, and Richard Qun Yao. This

case was referred to my docket to conduct an inquest and to report and recommend concerning

the plaintiff's damages with respect to these three defendants.[1] On November 11, 2016, the

plaintiff submitted Proposed Findings of Fact and Conclusions of Law in support of damages,

seeking a total of $155,459.98 in damages (as well as attorney's fees and costs of $10,198.70), to

which the defendants failed to respond. The Court held an evidentiary hearing regarding the

plaintiff's damages calculations on January 19, 2017. Because the plaintiff has provided a

sufficient basis on which to award damages and attorney's fees, albeit with some reductions to

each, the Court recommends a total award in the amount of $109,313.28, in addition to pre-

judgment interest.

---

[1] Also referred to my docket were all further proceedings under 28 U.S.C. § 636(c) as to the non-
defaulting defendants Good Chows Inc. and Cheng Tao Li.

## BACKGROUND

The plaintiff Chuk On Chan ("Chan") brought this action on April 14, 2016, alleging claims against the defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York State Labor Law, N.Y. Lab. Law § 650 *et seq.* ("NYLL") to recover unpaid overtime wages, unpaid spread of hours, liquidated damages, pre-judgment interest, and attorney's fees and costs. The defendants Michael Ngai, Xiao Feng Liao, and Richard Qun Yao failed to answer or otherwise appear in this action. On October 5, 2016, Judge Sullivan held a Show Cause Hearing and ordered that a judgment be entered for Chan in an amount to be determined following an inquest for damages.

Accordingly, on October 11, 2016, this case was referred to this Court to report and recommend on the plaintiff's damages. On November 11, 2016, Chan submitted her proposed Findings of Fact and Conclusions of Law in support of damages, along with an affidavit from Ms. Keli Liu (an attorney working at the law firm of plaintiff's counsel) and various exhibits but no affidavits from either plaintiff herself or her attorney, Jian Hang. The defendants did not submit a response. The Court held an evidentiary hearing on January 27, 2017, at which the plaintiff testified.

## DISCUSSION

### I.    Applicable Law

#### A.  Default

Although "a default judgment entered on well-pleaded allegations in a complaint establishes a defendant's liability," it does not reach the issue of damages. Bambu Sales, Inc. v. Ozak Trading, Inc., 58 F.3d 849, 854 (2d Cir. 1995) (quoting Trans World Airlines, Inc. v. Hughes, 449 F.2d 51, 69 (2d Cir. 1971)). In conducting a damages inquest, the Court accepts as

true all of the factual allegations of the complaint, except those relating to damages. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 108 (2d Cir. 1997) (citing Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)). The plaintiff, however, must still substantiate her claim for damages with admissible evidence to prove the extent of damages. See Trehan v. Von Tarkanyi, 63 B.R. 1001, 1008 n.12 (S.D.N.Y. 1986) (requiring plaintiff to introduce evidence proving damages suffered before the court can determine whether relief flows from the facts (citing Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974)).

Where the defaulting defendants have not made any submission on a damages inquest, the Court must assess whether the plaintiff has provided a sufficient basis for the Court to determine damages. See Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (noting that a court should take the "necessary steps to establish damages with reasonable certainty." A court has the discretion to decline to award any damages where, on a damages inquest, a plaintiff fails to demonstrate its damages to a reasonable certainty, even though liability has been established through default. See, e.g., Griffiths v. Francillon, No. 10 Civ. 3101 (JFB)(GRB), 2012 WL 1341077, at *1 (E.D.N.Y. Jan. 30, 2012) (recommending that no damages be awarded because the motion papers alone were insufficient to support an award of damages), report and recommendation adopted, 2012 WL 1354481, at *1 (E.D.N.Y. Apr. 13, 2012); Dor Yeshurim, Inc. v. A Torah Infertility Medium of Exch., No. 10 Civ. 2837 (JFB)(WDW), 2011 WL 7285038, at *5 (E.D.N.Y. Aug. 10, 2011) (finding that the "Complaint and plaintiff's papers in support [were] woefully inadequate to support any monetary relief" and recommending that neither profits nor damages be awarded), report and recommendation adopted, 2012 WL 464000, at *1-3 (E.D.N.Y. Feb. 10, 2012).

To assess whether plaintiff has articulated a sufficient basis for damages, a court has the discretion (but is not required) to hold a hearing to determine the amount of damages that should be awarded on a default. See Fed. R. Civ. P. 55(b)(2); Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989) ("[Rule] 55(b)(2) leaves the decision of whether a hearing is necessary to the discretion of the district court."). The plaintiff failed to submit any admissible evidence in support of her damages. She did not submit an affidavit documenting the details of her start date, her schedule, and her salary or documentary evidence, such as pay stubs or checks, showing how much she was paid on a weekly basis. The only document submitted in support of her claim for unpaid minimum wage, overtime, and spread of hours compensation is a document containing various assumptions and calculations that appears to have been created for the sole purpose of this damages inquest, attached as Exhibit E to her Proposed Findings of Fact and Conclusions of Law. Similarly, the only documents submitted in support of the requested attorney's fees are a certification by an attorney of plaintiff's counsel's law firm who did not spend any time working on this matter, and a series of billing entries and filing costs, attached as Exhibits F and G. Rather than deny damages outright, the Court held a hearing on January 27, 2017, in order to clarify the basis for the plaintiff's damages calculations and proposed attorney's fees.

### B.  Federal and State Wage Law

The FLSA requires employers to pay their employees the statutory minimum wage as well as a premium (150 percent of the employee's regular rate of pay) for hours worked above 40 hours per week. See 29 U.S.C. §§ 206(a), 207(a)(1). In addition, an employer must "make, keep, and preserve" records of employee wages, hours, and employment conditions. Id. § 211(c).

An employee who brings an action under the FLSA for unpaid overtime must prove that she performed the work and that she was not compensated properly for her time. Grochowski v. Phx. Constr., Ypsilon Constr. Corp., 318 F.3d 80, 87 (2d Cir. 2003) (citing Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 686–87 (1946)). When records of wages, hours, and employment conditions are not kept by the employer, a plaintiff may meet her burden by producing "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Anderson, 328 U.S. at 687; see also Kuebel v. Black & Decker Inc., 643 F.3d 352, 362 (2d Cir. 2011) (citing cases) ("it is possible for a plaintiff to meet [the FLSA overtime requirements burden] through estimates based on his own recollection"); Basquez v. Ranieri Cheese Corp., No. 07 Civ. 464 (ENV)(VVP), 2010 WL 1223606, at *8 (E.D.N.Y. Mar. 26, 2010) (an employee may "rely solely on his own recollections" if "documentation by the employer is inadequate, inaccurate, or absent altogether").

Similar to the FLSA, the NYLL requires a 150 percent premium for overtime work. N.Y. Comp. Codes R. & Regs. tit. 12 § 142-2.2. In addition to providing for minimum and overtime wages, the NYLL also requires employers to pay "spread of hours" wages to their employees equivalent to an hour's wage for each work day longer than ten hours, to provide annual wage notices to employees hired after April 9, 2011, and to provide each employee with accurate wage statements at the time wages are paid. See N.Y. Lab. Law §§ 195(1)(a) & (3); N.Y. Comp. Codes R. & Regs. tit. 12 § 142-2.4.

## II.    Liability

### A.  Facts Related to Liability

The following facts are established by the allegations in the complaint, which are deemed admitted except to the extent they concern the amount of damages, the plaintiff's admissible

evidence submitted for this inquest, and plaintiff's testimony at the January 27, 2017 evidentiary

hearing. See, e.g., Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2003) (citing Au Bon Pain

Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)); Cotton v. Slone, 4 F.3d 176, 181 (2d Cir.

1993).

Chan seeks a total of $43,291.04 for unpaid overtime. From February 23, 2013 to

February 23, 2015, Chan worked at Land of Plenty Restaurant, a restaurant owned and managed

by the defendants, prepping orders for delivery. She was the only employee in the restaurant

working on delivery orders. Although her complaint indicates her start date was February 2013,

the calculations for damages submitted as Exhibit E to her Proposed Findings of Fact and

Conclusions of Law use a start date of February 23, 2013. Chan confirmed that date at the

January 27, 2017 hearing. Hearing Transcript ("Tr.") at 4:20-5:6. She also testified that at the

time she was hired, she was not given notices regarding her rights under federal or state overtime

laws, her work schedule, her rate of pay or the employer's contact information. Id. at 9:4-6.

Throughout the relevant period, Chan worked Mondays through Fridays from 9:00 a.m. to 9:00

p.m., and on Sundays from 3:00 p.m. to 9:00 p.m. Id. at 7:23-8:6. She rarely took any time off

for vacation, the restaurant was open all year round and did not close for holidays, and she rarely

took a lunch break. Id. at 8:13-21, 10:2-5.

Chan testified credibly that she was paid $1,800 every month from February 2013 to

February 2014, and $1,900 every month from February 2014 to February 2015, when she

stopped working. Id. at 6:18-21. She recalled she was paid in a combination of check and cash.

Id. at 6:9-11. At the January 27, 2017, hearing, I directed Chan's counsel to produce the records

of her bank account statements to confirm the amounts of her check and cash payments. Id. at

14:9-18. The records produced by her counsel indicate that she deposited a check of $850 every

month for the entire length of her employment. <u>See</u> ECF No. 44 at 1, 3, 7. She also deposited

approximately $922 in cash every month (deducting routine purchases). <u>See id.</u> at 15. Because

she deposited a check of $850 each month for the entire term of her employment, it is assumed

that the extra $100 she earned every month beginning in February 2014 was an increased cash

payment that was not always deposited entirely into her bank account. Chan did not recall

receiving any information accompanying her salary indicating the hours she worked and the rate

of pay. <u>Id.</u> at 9:7-13.

### B. Statutes of Limitations

The applicable statutes of limitations for wage and hour claims are six years under the

NYLL and two years under the FLSA. <u>See</u> N.Y. Lab. Law § 663(3); 29 U.S.C. § 255(a). But if

an employer's acts are deemed to be "willful," the statute of limitations under the FLSA

increases to three years. 29 U.S.C. § 255(a). A plaintiff's allegations of willful violations will be

taken as true by virtue of a defendant's default. <u>Alvarez v. 215 N. Ave. Corp.</u>, No. 13 Civ. 7049

(NSR)(PED), 2015 WL 3855285, at *5 (S.D.N.Y. June 19, 2015).

Chan filed her claims pursuant to the FLSA and NYLL on April 14, 2016, alleging that

the defendants' violations of FLSA and NYLL were "willful" and "not in good faith," a fact the

Court accepts as true given the defendants' default. April 14, 2016 Collective & Class Action

Complaint and Jury Trial Demand ("Compl.") at ¶ 1, 72 (ECF No. 1). Therefore, Chan may

recover for damages arising out of her employment going back six years under the NYLL (i.e.,

April 14, 2010) and three years under the FLSA (i.e., April 14, 2013).

But Chan may not recover under both the FLSA and NYLL for the same injury. <u>See, e.g.</u>,

<u>Maldonado v. La Nueva Rampa, Inc.</u>, No. 10 Civ. 8195 (LLS)(JLC), 2012 WL 1669341, at *5

(S.D.N.Y. May 14, 2012); <u>Cao v. Wu Liang Ye Lexington Rest., Inc.</u>, No. 08 Civ. 3725 (DC),

2010 WL 4159391, at *2 n.2 (S.D.N.Y. Sept. 30, 2010). Chan will therefore recover under the statute that provides for the greatest relief. See Wicaksono v. XYZ 48 Corp., No. 10 Civ. 3635 (LAK)(JCF), 2011 WL 2022644, at *3 (S.D.N.Y. May 2, 2011). Because the Complaint was filed on April 14, 2016, April 14, 2013 is the earliest date for which Chan may recover under the FLSA. See Maldonado, 2012 WL 1669341, at *5 n.3. Accordingly, she cannot seek recovery for lost wages under the FLSA for her employment between February 23, 2013 and April 13, 2013, although she may under the NYLL. In addition to providing a longer recovery period, at all relevant times during her employment, the NYLL sets a minimum wages that is the same or greater than that provided by the FLSA. Therefore, compensatory damages under the NYLL for Chan will be calculated as of February 23, 2013.

### III. Damages

#### A. Unpaid Overtime Wages

Under both the FLSA and NYLL, employers are required to pay their employees the overtime wage rate of one and one-half times their regular pay rate for any time over forty hours that an employee works during a week. See 29 U.S.C. § 207(a)(1); N.Y. Comp. Codes R. & Regs. tit. 12 § 146-1.4. Even when an employee's regular rate exceeds the minimum statutory requirement, overtime is required to be paid at one and one-half times the usual pay rate. Gorman v. Consol. Edison Corp., 488 F.3d 586, 595 (2d Cir. 2007) (citing Walling v. Youngerman-Reynolds Hardwood Co., 325 U.S. 419, 424–25 (1945)). If an employee demonstrates that she has worked more than 40 hours per week, she is entitled to recover the overtime rate for any hours in excess of 40. See Angamarca v. Pita Grill 7 Inc., No. 11 Civ. 7777 (JGK)(JLC), 2012 WL 3578781, at *5 (S.D.N.Y. Aug. 2, 2012). Here, the plaintiff was not compensated at the

overtime rate for hours she worked in excess of 40 per week and is therefore entitled to reimbursement as outlined below.

Chan worked from February 23, 2013 to February 23, 2015, for 66 hours each week. She was paid $1,800 each month during her first year of employment, and $1,900 each month during her second year of employment. Tr. at 6:20-21. Under New York law, when an hourly employee in the hospitality industry is paid a flat salary regardless of the hours worked, the Court may assume that the weekly salary pays for just the first 40 hours of work. See N.Y. Comp. Codes R. & Regs. tit. 12 § 146-3.5. So, during Chan's first year of employment, it is presumed that her hourly rate was $10.38; during her second year of employment, her hourly rate is presumed to be $10.96.[2] Her hourly overtime rate would then be $15.58 for the first year and $16.44 for the second year.

According to her testimony, Chan worked 26 hours of overtime each week for which she was not paid. She is therefore entitled to $21,064.16 for her first year of employment and $22,226.88 for her second year of employment, for a total overtime wages owed of $43,291.04.

## B.  Spread of Hours Wages

In addition, under New York law, employees are entitled to receive "spread of hours" compensation, which equals "an extra hour's pay at the regular minimum wage for each day they work more than ten hours." Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 241–42, n.4 (2d Cir. 2011); see also Flores v. Anjost Corp., No. 11 Civ. 1531 (CM), 2012 WL

---

[2] The hourly rate is determined using this formula:

$1,800/month x 12 months = $21,600/year
$21,600/year / 52 weeks = $415.38/week
$415.38/week / 40 hours = $10.38/hour

A similar calculation can be performed for the second year of employment (where she was paid $1,900 each month), resulting in a $10.96 presumptive hourly rate.

2339267, at *3 (S.D.N.Y. June 19, 2012). This additional hour of pay is "not a payment for time worked or work performed and need not be included in the regular rate for the purpose of calculating overtime pay." N.Y. Comp. Codes R. & Regs. tit. 12 § 146-1.6(c). Because defendants failed to pay the plaintiff any spread of hours compensation, she is entitled to reimbursement for the days she worked in excess of ten hours.

Chan worked 12-hour days Mondays through Fridays throughout her employment. Tr. at 7:23-8:3. For the first 44 weeks of her employment, the minimum hourly wage was $7.25. She is therefore entitled to $1,595 for this period. For the next 52 weeks, the minimum hourly wage was $8.00. Chan is therefore entitled to $2,080 for this period. During the last eight weeks of her employment, the minimum hourly wage was $8.75. For the last eight weeks, Chan is entitled to $350. Therefore, Chan is owed a total of $4,025 in spread of hours compensation.

### C. Liquidated Damages

Under the FLSA, a plaintiff who is owed overtime wages may recover an "additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Pursuant to the NYLL, a prevailing employee is entitled to liquidated damages in the amount of 100% of unpaid wages accrued after April 9, 2011. N.Y. Lab. Law §§ 198(1–a), 663(1).

Until recently, district courts in this Circuit were split as to whether plaintiffs were entitled to liquidated damages under both the FLSA and NYLL for the same violations. Last month, the Court of Appeals held, albeit in an unreported decision, that "New York's law does not call for an award of New York liquidated damages over and above a like award of FLSA liquidated damages." Chowdhury v. Hamza Exp. Food Corp., et al., No. 15-3142-cv, 2016 WL 7131854, at *1 (2d Cir. Dec. 7, 2016) (summary disposition). The Court of Appeals reasoned that double recovery is "generally disfavored where another source of damages already remedies

the same injury for the same purpose." Id. at *2. The Court of Appeals also explained that because the liquidation provisions of both statutes are "identical in all material respects, serve the same functions, and redress the same injuries," the NYLL's liquidation provision would be "satisfied by a similar award of liquidated damages under the federal statute." Id. Although Chowdhury is a non-precedential panel opinion, the Court will follow its guidance in this instance and disallow "stacked" liquidated damages for unpaid wages. Where "stacked" liquidated damages are not permitted, the plaintiff should "recover under the statute that provides the great[er] relief." Castillo v. RV Transport, Inc., No. 15 Civ. 527 (LGS), 2016 WL 1417848, at *3 (S.D.N.Y. Apr. 11, 2016).

Under federal law, Chan would be entitled to liquidated damages in the amount of 100% of her unpaid wages other than those attributable to spread-of-hours pay, which the FLSA does not mandate. See Ramirez v. H.J.S. Car Wash Inc., No. 11 Civ. 2664, 2013 WL 1437600, at *7 (E.D.N.Y. Apr. 9, 2013). Under the NYLL, however, Chan is entitled to liquidated damages on the *total* amount of unpaid overtime wages and spread of hours compensation in an amount equaling 100% of the total amount of work performed. Thus, the NYLL provides greater relief by permitting a greater amount of liquidated damages. And, as discussed below, under the NYLL, Chan is entitled to pre-judgment interest *and* liquidated damages (whereas under the FLSA, she would have to choose either pre-judgment interest or liquidated damages). This provides further support for awarding liquidated damages under NYLL.

Pursuant to the NYLL, the amount of liquidated damages for Chan's unpaid overtime is $43,291.04. In addition, the amount of liquidated damages for Chan's unpaid spread of hours pay is $4,025. Accordingly, the total amount of Chan's liquidated damages is $47,316.04.

### D.  Pre-Judgment Interest

Chan also seeks pre-judgment interest on her state claims. Unlike under the FLSA, "[p]re-judgment interest and liquidated damages under [the New York] Labor Law are not functional equivalents" because "the liquidated damages provided for in the New York Labor Law are punitive in nature" rather than compensatory. Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 92 (S.D.N.Y. 2012) (citing Carter v. Frito-Lay, Inc., 74 A.D.2d 550 (1st Dep't 1980)). Therefore, a plaintiff could recover both liquidated damages and pre-judgment interest under the NYLL. See, e.g., Reilly v. Natwest Mkts Grp., Inc., 181 F.3d 253, 265 (2d Cir. 1999); Santana v. Latino Express Rest., Inc., No. 15 Civ. 4934 (LTS), 2016 WL 4059250, at *5–6 (S.D.N.Y. July 28, 2016) ("[B]oth liquidated damages and prejudgment interest are appropriate, as Plaintiff should be permitted to recover under the statute that provides the greatest relief, which in this case is the NYLL." (internal citation and quotation marks omitted)). Where the plaintiff has already received an award of liquidated damages under the FLSA, she is "entitled to an award of prejudgment interest only on unpaid wages and spread of hours pay for which liquidated damages pursuant to the FLSA were not assessed." Santillan v. Henao, 822 F. Supp. 2d 284, 298 (E.D.N.Y. 2011). But because of Chowdhury's application, no FLSA liquidated damages were assessed here.

Chan is entitled under the NYLL to pre-judgment interest at the statutory rate of nine percent per year. See N.Y. CPLR §§ 5001, 5004. Pre-judgment interest applies to only the amount of actual damages awarded under the NYLL and excludes the amount of liquidated damages. See Xochimitl v. Pita Grill of Hell's Kitchen, Inc., et al., No. 14 Civ. 10234 (JGK)(JLC), 2016 WL 4704917, at *18 (S.D.N.Y. Sept. 8, 2016). Where unpaid wages were incurred at various times, "interest shall be computed upon each item from the date it was

incurred or upon all of the damages from a single reasonable intermediate date." N.Y. CPLR § 5001(b). February 23, 2014, is the midpoint between Chan's start date of February 23, 2013, and her end date of February 23, 2015. Accordingly, a nine percent interest rate should be assessed on the wages that Chan accrued as of February 23, 2014.

### E. Statutory Damages for the Wage Statement Violations

Section 195(1)(a) of the NYLL, effective from April 9, 2011, to December 28, 2014, requires employers to provide all employees with a written notice "at the time of hiring" and "on or before February first of each subsequent year of the employee's employment," containing, *inter alia*, information about the employee's rate of pay, hours of employment, and contact information for the employer. N.Y. Lab. Law § 195(1)(a) (McKinney 2011). An employee may recover "damages of fifty dollars for each work week that the violations [of § 195(1)(a)] occurred or continue to occur," up to a maximum of $2,500, as well as costs and reasonable attorney's fees. N.Y. Lab. Law § 198(1–b) (McKinney 2011).[3]

In addition, § 195(3) of the NYLL requires employers to provide "a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof" to each employee. N.Y. Lab. Law § 195(3) (McKinney 2011). If an employer fails to provide a compliant wage statement, the employee may receive "one hundred dollars for each work week that the violations occurred or continue to occur," up to a maximum

---

[3] Effective February 27, 2015, the penalty under NYLL § 198(1–b) increased to $50 per day up to a maximum of $5,000, plus costs and reasonable attorney's fees. See N.Y. Lab. Law § 198(1–b) (McKinney 2015).

of $2,500, as well as costs and reasonable attorney's fees. N.Y. Lab. Law § 198(1–d) (McKinney 2011).[4]

Chan testified that she was never provided a wage statement as required by § 195(3) nor was she given a written notice (either at the time of hiring or in February 2014) regarding rate of pay and hours of employment as required by § 195(1)(a). Id. at 9:4-13. Therefore, the Court recommends that she be awarded a total of $5,000 for those violations.

## IV.     Attorney's Fees and Costs

Chan seeks $10,198.70 in attorney's fees and expenses—$9,660 billed by her attorney, Jian Hang of Hang & Associates, PLLC, for his work on this matter, as well as $538.70 in mailing fees and filing costs. Mr. Hang has submitted contemporaneous time records showing that he performed 27.6 hours of services in this matter at a rate of $350 per hour. See Proposed Findings of Fact, Ex. F.

Both the FLSA and the NYLL permit a prevailing employee to recover reasonable attorney's fees from the employer. See 29 U.S.C. § 216(b); N.Y. Lab. Law § 198(1-a); Young v. Cooper Cameron Corp., 586 F.3d 201, 208 (2d Cir. 2009); Barfield v. N.Y.C. Health & Hosps. Corp., 537 F.3d 132, 151 (2d Cir. 2008). Courts determine the "presumptively reasonable fee" for an attorney's services by looking to "what a reasonable, paying client would be willing to pay . . . who wishes to pay the least amount necessary to litigate the case effectively." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 184 (2d Cir. 2007). Reasonable hourly rates are determined by reference to fees in the community in which the action is pending and to "prevailing market rates for attorneys of similar expertise providing

---

[4] Effective February 27, 2015, the penalty under NYLL § 198(1–d) increased to $250 per day up to a maximum of $5,000, plus costs and reasonable attorney's fees. N.Y. Lab. Law § 198(1–d) (McKinney 2015).

comparable services." <u>Siemieniewicz v. Caz Contracting Corp., et al.</u>, 11 Civ. 704 (JG)(JO), 2012 WL 5183375, at *15 (S.D.N.Y. Sept. 21, 2012) (internal quotation and citation marks omitted). "It is the fee movant's burden to establish the prevailing market rate." <u>Sub-Zero, Inc. v. Sub Zero NY Refrigeration & Appliances Servs.</u>, No. 13 Civ. 2548 (KMW)(JLC), 2014 WL 1303434, at *8 (S.D.N.Y. Apr. 1, 2014).

### A.  Reasonable Hourly Rate

The plaintiff has requested an hourly rate of $350 for her attorney Jian Hang, who was admitted to practice in New York in 2005[5] and is the principal attorney and founder of Hang & Associates, PLLC. Mr. Hang represents individual plaintiffs and classes in employment litigation involving the Fair Labor Standards Act, Title VII, and the Equal Pay Act.

Courts in this District have determined that a fee ranging from $250 to $450 per hour is appropriate for experienced civil rights and employment law litigators. <u>See, e.g.</u>, <u>Castellanos v. Mid Bronx Cmty. Hous. Mgmt. Corp.</u>, 13 Civ. 3061 (JGK), 2014 WL 2624759, at *7 (S.D.N.Y. June 10, 2014) ("In labor and employment cases, courts in this district have approved hourly rates of $300-400 for partners."); <u>Tatum v. City of New York</u>, No. 06 Civ. 4290, 2010 WL 334975, at *5 (S.D.N.Y. Jan. 28, 2010) (awarding $450 per hour to an experienced civil rights attorney); <u>New York Dist. Council of Carpenters Pension Fund v. Quantum Const.</u>, 657 F. Supp. 2d 410, 424 (S.D.N.Y. 2009) (a rate of $425 for partners was "commensurate with those generally charged for similar work in this district" in an ERISA case); <u>Guardado v. Precision Fin., Inc.</u>, No. 04 Civ. 3309 (JS)(AKT), 2008 U.S. WL 822105, at *4 (E.D.N.Y. Mar. 25, 2008) (adjusting the hourly rate from $375 to $325 for lead partner in a New York Labor Law claim, based on the "prevailing market rate within this district" and "due to the straightforward nature"

---

[5] Mr. Hang was admitted to practice in the People's Republic of China in 1998.

of plaintiff's claims); <u>Ansoumana v. Gristedes Operating Corp.</u>, No. 00 Civ. 253(AKH), 2004
WL 504319, at *3 (S.D.N.Y. Jan. 4, 2004) (approving rate of $400 per hour in a FLSA case for
experienced attorneys). Accordingly, the Court finds that the requested hourly rate of $350 is
reasonable.

### B. Reasonable Hours

An attorney applying for court-ordered compensation must submit contemporaneous time
records specifying the attorney, the date, the hours expended, and the nature of the work being
performed. <u>See, e.g.</u>, <u>McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension
Trust Fund</u>, 450 F.3d 91, 96 (2d Cir. 2006) ("In order to calculate the reasonable hours
expended, the prevailing party's fee application must be supported by contemporaneous time
records, affidavits, and other materials."); <u>New York State Ass'n for Retarded Children, Inc. v.
Carey</u>, 711 F.2d 1136, 1148 (2d Cir. 1983). A court must undertake "a conscientious and detailed
inquiry into the validity of the representations that a certain number of hours were usefully and
reasonably expended." <u>Lunday v. City of Albany</u>, 42 F.4d 131, 134 (2d Cir. 1994); <u>see also
Grant v. Martinez</u>, 973 F.2d 96, 99 (2d Cir. 1992) (a court should focus on "whether, at the time
the work was performed, a reasonable attorney would have engaged in similar time
expenditures") (internal citation and quotation marks omitted). A court additionally has the
discretion to make specific reductions or a reduction across the board where the number of
billing entries is overly voluminous. <u>See</u> <u>In re Agent Orange Prod. Liability Litig.</u>, 818 F.2d 226,
237 (2d Cir. 1987).

Mr. Hang provided contemporaneous billing records and seeks reimbursement for 27.6
hours. At least three of the time entries reflect administrative work that a principal attorney
would most likely not have performed, such as arranging for service upon the defendants and the

filing of court documents. For example, Mr. Hang spent .5 hours arranging for the service of the filed complaint, .5 hours reviewing and filing affidavits of service, and 2.3 hours serving the default entry paper to the Court and reviewing the Court order. See Proposed Findings of Fact, Ex. F. For these three entries, the Court will apply an hourly rate of $125 to the two .5 hours arranging for service of the complaint and filing affidavits of service, and to 1.3 of the 2.3 hours serving the default entry paper and reviewing the Court order. See Trustees of Local 531 Pension Fund v. Flexwrap Corp., 818 F. Supp. 2d 585, 591 (E.D.N.Y. 2011) (awarding $125 per hour for paralegals in ERISA case that proceeded to summary judgment). Mr. Hang also spent 5.7 hours researching New York laws and FLSA rules and cases, and drafting the complaint in this case. See Proposed Findings of Fact, Ex. F. Although this amount of time appears excessive, Mr. Hang explained at the January 27 hearing that he had to perform extensive research for both this case and a related class action lawsuit against the same defendants, in order to ensure that the plaintiff was covered and that he did not need to amend the complaint in this action. Tr. at 11:19-12:10.

In light of the above, the Court recommends applying Mr. Hang's requested rate of $350 to 25.3 hours and a typical paralegal's rate of $125 to the 2.3 hours dedicated to administrative tasks. Accordingly, the plaintiff is entitled to $9,142.50 in attorney's fees.

### C. Costs

Chan also seeks a combined total of $538.70 in court costs for filing and process server fees, which is less than or comparable to amounts awarded in other similar cases upon a default judgment. See Rodriguez v. Global Inst. of Tech., No. 15 Civ. 1435 (RA)(SN), 2016 WL 5795127, at *6 (S.D.N.Y. Aug. 10, 2016), report and recommendation adopted, 2016 WL 5818573 (S.D.N.Y. Oct. 4, 2016); Romita v. Anchor Tank Lines Corp., No. 09 Civ. 9997 (DLC), 2011 WL 1641981, at *2 (S.D.N.Y. Apr. 29, 2011) (awarding $504 in court costs for filing and

process server fees); <u>Int'l Ass'n of Heat & Frost Insulators & Asbestos Workers Loc. Union No. 12A v. Trade Winds Envtl.</u>, No. 09 Civ. 1771 (RJH)(JLC), 2010 WL 8020302, at *6 (S.D.N.Y. Dec. 23, 2010) (awarding $701.75 in court costs for filing and process server fees). The Court therefore finds that Chan is entitled to $538.70 in court costs.

## CONCLUSION

For the foregoing reasons, I recommend that the plaintiff be awarded (1) $43,291.04 in unpaid overtime wages; (2) $4,025 in spread of hours compensation; (3) $47,316.04 in liquidated damages under the NYLL; (4) $5,000 for statutory wage and hour notice violations; (5) $9,142.50 in attorney's fees; and (6) $538.70 in costs, for a total award of $109,313.28, in addition to the pre-judgment interest referenced in Section III.D. The plaintiff is directed to serve this report upon the three defendants, as well as to file on ECF all of the exhibits attached to her Proposed Findings of Fact and Conclusions of Law.

DATED:     New York, New York
           March 3, 2017

SARAH NETBURN
United States Magistrate Judge

\*            \*            \*

## NOTICE OF PROCEDURE FOR FILING OBJECTIONS
## TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. <u>See also</u> Fed. R. Civ. P. 6(a), (d) (adding three additional days only when service is made under Fed. R. Civ. P. 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to by the parties)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections

shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Richard J. Sullivan at the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Sullivan. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).