UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHUK ON CHAN, individually and behalf of all other employees similarly situated,

Plaintiff,

-v-

GOOD CHOWS INC., *et al.*,

Defendants.

No. 16-cv-2794 (RJS) (SN)
ORDER

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/21/17

RICHARD J. SULLIVAN, District Judge:

On April 14, 2016, Plaintiff Chuk On Chan commenced this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and New York State Labor Law, N.Y. Lab. Law § 650 *et seq.* ("NYLL"), to recover unpaid overtime wages, unpaid spread of hours, liquidated damages, pre-judgment interest, and attorneys' fees and costs. (Doc. No. 1.) Now before the Court is Magistrate Judge Netburn's Report and Recommendation, dated March 3, 2017, recommending that the Court enter a judgment in the amount of $109,313.28, plus pre-judgment interest, against Defendants Michael Ngai, Xiao Feng Liao, and Richard Quan Yao. (Doc. No. 45 (the "Report").) For the reasons set forth below, the Court adopts the Report in entirety, with one point of clarification.

I. BACKGROUND

The Court assumes the parties' familiarity with the facts of this case. Briefly, Plaintiff Chuk On Chan commenced this suit on April 14, 2016, alleging that she worked at Land of Plenty Restaurant for approximately 66 hours per week from February 2013 through February 23, 2015. (Doc. No. 1 at ¶¶ 28–30.) Plaintiff alleged that she was paid a monthly salary of $1,800 from

February 2013 through February 2014, and a monthly salary of $1,900 until February 23, 2015, but was never compensated for overtime or spread of hours, and did not receive a wage notice or statement either at the time she was hired or annually, as required by law. (*Id.* ¶¶ 31–35.) Defendants Good Chows Inc. and Cheng Tao Li answered the complaint on June 7, 2016 (Doc. No. 6), but the remaining named Defendants – Michael Ngai, Xiao Feng Liao, and Richard Quan Yao failed to file an answer or otherwise appear, resulting in the entry of a default judgment against them on October 6, 2016 (Doc. No. 30). The Court thereafter referred the case to Judge Netburn to conduct an inquest and issue a report and recommendation concerning Plaintiff's damages with respect to Defendants Ngai, Liao, and Yao. (Doc. No. 31.) The same day, the remaining parties consented to have the case disposed of by Judge Netburn. (Doc. No. 32.)

On March 3, 2017, Judge Netburn issued her Report, finding that Plaintiff should be awarded (1) $43,291.04 in unpaid overtime wages; (2) $4,025 in spread of hours compensation; (3) $47,316.04 in liquidated damages under the NYLL; (4) $5,000 for statutory wage and hour notice violations; (5) $9,142.50 in attorney's fees; and (6) $538.70 in costs, for a total award of $109,313.28, in addition to pre-judgment interest. (*Id.* at 18.) In the Report, Judge Netburn informed the parties of the time in which to file objections and advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. (*Id.* at 18–19 (citing 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 6(a), 6(d), and 72(b), and *Thomas v. Arn*, 474 U.S. 140 (1985).) No party has filed objections to the Report, and the time to do so has expired.

II. LEGAL STANDARD

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). When no objections to a report and recommendation are made, "a district court need

2

only satisfy itself that there is no clear error on the face of the record." *Boyd v. City of New York*, 12-cv-3385 (PAE) (JCF), 2013 WL 452313, *1 (S.D.N.Y. Feb. 6, 2013) (citation and internal quotation marks omitted). A magistrate judge's decision is "clearly erroneous" only if the district court is "left with the definite and firm conviction that a mistake has been committed." *SEC v. Cobalt Multifamily Investors I, Inc.*, 542 F. Supp. 2d 277, 279 (S.D.N.Y. 2008) (quoting *Chen v. Bd. of Immigration Appeals*, 435 F.3d 141, 145–46 (2d Cir. 2006)). Because no party filed any objections here, the Court reviews the Report only for clear error.

III. DISCUSSION

Having reviewed Judge Netburn's exceptionally well-written and comprehensive nineteen-page Report, the Court finds that the reasoning and conclusions set forth therein are not facially or clearly erroneous, and adopts the Report in all respects.

Nevertheless, the Court also takes this opportunity to clarify that Plaintiff may not recover based on Defendants' failure to provide an *annual* wage notice. (*See* Report at 13–14.) Although Defendants were obliged to provide Plaintiff with an annual wage notice pursuant to N.Y. Lab. Law § 195(1)(a), the NYLL provides only the Commissioner of Labor, not employees themselves, with a cause of action to enforce the annual wage notice requirement. *Compare* N.Y. Lab. Law § 198(1-b), ¶ 1 (creating private cause of action for "employee" to recover damages for employer's failure to provide notice "within ten business days of his or her first day of employment"), *with id.* ¶ 2 (creating cause of action for Commissioner to bring "[o]n behalf of any employee not provided a notice as required by [Section 195]"); *see also Gamero v. Koodo Sushi Corp.*, No. 15-cv-2697 (KPF), 2017 WL 4326116, at *21 n.13 (S.D.N.Y. Sept. 28, 2017) (noting that "[t]he NYLL's annual wage-notice requirement [is] a right without a remedy"); *Yuquilema v. Manhattan's Hero Corp.*, No. 13-cv-461 (WHP) (JLC), 2014 WL 4207106, at *11 (S.D.N.Y. Aug. 20, 2014), *report*

*and recommendation adopted*, No. 13-cv-461, 2014 WL 5039428 (S.D.N.Y. Sept. 30, 2014) ("Oddly, the NYLL extends this private cause of action to employees whose employer fails to provide the initial notice at their hire, but not for subsequent failures to furnish the annual notice in following years."). To date, the Second Circuit has not had occasion to speak to this issue, and although some courts in this District have awarded damages under the annual-notice provision, *see, e.g., Xochimitl v. Pita Grill of Hell's Kitchen*, 14-cv-10234 (JGK) (JLC), 2016 WL 4704917 at *14 (S.D.N.Y. Sept. 8, 2016), *report & recommendation adopted*, 2016 WL 6879258 (Nov. 21, 2016), these courts have not specifically addressed whether a private cause of action exists to enforce the annual-notice provision. For its part, the Court is persuaded by Judge Failla's reasoning in *Gamero* and concludes that Plaintiff has no private right of action to bring an annual-notice claim.

Although not expressly addressed in the Report, Judge Netburn's award of $2,500 for Plaintiff's wage notice claim is consistent with the Court's interpretation. Under the law as it existed in 2014, Plaintiff is entitled to the maximum recovery of $2,500 since she never received an initial wage notice, worked for Defendants for over 50 weeks, and is entitled to damages of $50 per week for each week the initial notice was not provided up to the maximum $2,500. As the Report correctly notes, Plaintiff is entitled to an *additional* award of up to $2,500 for Defendants' failure to comply with the wage statement (as opposed to the wage notice) provision of the NYLL, which requires employers to provide "a statement with every payment of wages" listing several categories of information. N.Y. Lab. Law § 195(3). The Report therefore correctly recommends a total of $5,000 in damages for Defendants' violations of the initial wage notice *and* wage statement requirements of the NYLL, notwithstanding the lack of a private right of action to enforce the NYLL's annual wage notice requirement.

## IV. Conclusion

For the reasons set forth above, the Court adopts Judge Netburn's Report and Recommendation in its entirety. Accordingly, IT IS HEREBY ORDERED THAT default judgment shall be entered against Defendants Michael Ngai, Xiao Feng Liao, and Richard Quan Yao in the amount of $109,313.28, plus pre-judgment interest at a rate of nine (9) percent on the wages accrued as of February 23, 2014.

SO ORDERED.

Dated:     December 21, 2017
             New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE